**Doris JACKSON and Husband, Lewis Jackson, Plaintiffs,**

v.

**TEXAS A & M UNIVERSITY SYSTEM, et al., Defendants.**

**Civil Action No. H–95–1072.**

United States District Court, S.D. Texas, Houston Division.

July 30, 1996.

C. Patrick Meece, Meece & Kohn, Bryan, TX, for Plaintiffs.

Debra L. Wilburn, Office of Texas Atty. Gen., Austin, TX, for Defendants.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

This matter was referred by this Court to Magistrate Judge Calvin Botley pursuant to 28 U.S.C. § 636(b)(*l*)(A) and (B). Pending before this Court are the parties' Objections [Docs. # 32 and 33] to the Memorandum and Recommendation [Doc. # 31] entered by Magistrate Judge Botley on February 20, 1996, suggesting that certain of Plaintiffs' claims be dismissed. By Order dated May 1, 1996 [Doc. # 45], Magistrate Judge Botley reiterated his recommended disposition, stating that the "findings and recommendations entered propose that all of the claims of Lewis Jackson and Doris Jackson be denied/dismissed on summary judgment, save and except Doris Jackson's claims for sexual harassment and improper demotion against Prairie View A & M University, and that the individual defendants be dismissed."

Both parties' Objections are deemed timely filed. The Court has reviewed the Memorandum and Recommendation and the Objections, as well as the Defendants' Response to Plaintiffs' Objections. The Court also has made a *de novo* review of the Motions, responses and all other matters of record in relation to same in light of the Magistrate Judge's recommended dispositions and the Objections. Fed.R.Civ.P. 72(b); 28 U.S.C. § 636(b)(1)(C);*McLeod Alexander, Powel & Apffel, P.C. v. Quarles,* 925 F.2d 853, 854–55 (5th Cir.1991). The Court finds that the Memorandum and Recommendation should be, and hereby is, adopted in part as this Court's Memorandum and Order. In certain respects, however, the Court declines to follow Magistrate Judge Calvin Botley's recommendations. It is therefore

**ORDERED** that the Plaintiff's Objections to the Memorandum and Recommendation ("M & R") are **DENIED in substantial part, with the following exceptions:**

1. The claim of Plaintiff Doris Jackson for slander arising from comments made by Defendants Lorenzo Tramble and Willie Tempton during the **one year prior to the filing of this action,** i.e., on or after April 13, 1994, are not dismissed as time-barred. The statute of limitations for slander is one year. Tex. Civ. Prac. & Rem.Code § 16.002 (Vernon 1986). The Court agrees with Plaintiff's contention that the cause of action accrues when the statement is made or the matter is published, and that the limitations period begins to run when the injured person learns of the defamation. *Dwyer v. Sabine Mining Co.,* 890 S.W.2d 140, 142 (Tex.App.— Texarkana 1994, writ denied).

This suit was filed on April 13, 1995. All statements made prior to April 13, 1994 are time-barred and are not colorable under slander or defamation theories. However, contrary to Magistrate Judge Botley's findings, Plaintiff refers in her affidavit to a number of allegedly slanderous statements made after April 13, 1994. Therefore, these statements are not time-barred.

Of seven statements alleged in Plaintiff's affidavit on page 2, the Court finds that the following three are admissible for the purposes of the summary judgment motion: ¶ 9(2) (a statement by Tramble that Plaintiff and Kollye Kilpatrick were having an affair); ¶ 9(6) (a statement by Tempton that Plaintiff and Kilpatrick were having an affair); and ¶ 9(7) (a statement by Tramble that Plaintiff had a child by a former supervisor and was

"nothing but dirt").[1] On the basis of these three statements, the Court finds that Plaintiff has stated a claim for slander. Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 792 (Tex. App.—El Paso 1996, writ requested). A statement is defamatory if the words tend to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury. *Id.* Plaintiff has specifically alleged three statements within the limitations period which she claims injured her reputation and employment. *See also* Plaintiff's Original Complaint, ¶¶ 27, 28, 29. Therefore, summary judgment is not appropriate as to Plaintiff's defamation claims in this regard.

■ Unlike Plaintiff's affidavit, the affidavit of Kollye Kilpatrick is insufficient to state a claim for slander.[2] Kilpatrick's assertions are overly general and do not attribute specific statements to the individual Defendants nor specify date, time or place for any statements. Therefore, Plaintiff may not introduce at trial, through Mr. Kilpatrick or otherwise, merely generalized allegations of defamatory statements, as alleged in Kilpatrick's affidavit.

■ It is not clear from Plaintiffs' complaint whether her slander claims are alleged against both the individual Defendants and the University. To the extent that they are alleged against the latter, these claims are barred by sovereign immunity. State universities have been held to be agencies of the state and to enjoy sovereign immunity. *Bagg v. University of Tex. Medical Branch at Galveston,* 726 S.W.2d 582, 584 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). While the Texas Tort Claims Act expressly waives governmental immunity for all governmental units to the extent of the liability expressed in the Act, the Act also contains a substantial list of exceptions and exclusions. Included among these is an exception for claims arising out of intentional torts. Tex.Civ.Prac. & Rem.Code Ann. § 101.057(2). Because defamation is an intentional tort, *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 122 (Tex.App.—Houston [1st Dist.] 1995), the University is immune from claims arising out of allegedly slanderous statements by its agents or employees.

2. The Court overrules Plaintiffs' objection concerning the M & R's conclusions on her claim for intentional infliction of emotional distress. *MacArthur v. University of Tex. Health Ctr. at Tyler,* 45 F.3d 890, 898 (5th Cir.1995) (intentional infliction elements); *Johnson v. Merrell Dow Pharmaceuticals, Inc.,* 965 F.2d 31, 33–34 (5th Cir.1992) (claim of intentional infliction of emotional distress does not lie for complaints which fall within the realm of an ordinary employment dispute).

3. The Court overrules Plaintiffs' objection as to a claim of loss of consortium by Lewis Jackson, and overrules all other objections lodged by Plaintiff, for the reasons stated in the M & R. It is further

**ORDERED** that Defendants' Objections are **GRANTED in large part.**

1. ***Title VII Claims:***

■ *No Continuing Violation.*—Plaintiffs' claims under Title VII do not qualify as "continuing violations." The Fifth Circuit has recognized a "continuing violation" as an equitable exception to the Title VII limitations period. The exception arises " [w]here the unlawful employment practice manifests

---

1. The remaining four statements in Plaintiffs' affidavit are inadmissible for the following reasons: ¶ 9(1) is hearsay and does not attribute an allegedly defamatory statement to Defendants, but to "secretaries and others"; ¶ 9(3) is inadmissible because it does not attribute an allegedly defamatory statement to Defendants, but refers only to "rumors"; ¶ 9(4) is not defamatory as to Plaintiff since it refers only to statements allegedly made about Kilpatrick; and ¶ 9(5) does not attribute an allegedly defamatory statement to Defendants. To the extent that the Court's evidentiary findings are inconsistent with Magistrate Judge Botley's, the M & R is not adopted.

2. Kilpatrick states that, on several occasions since May 1994, he was told by Defendants Bonner, Tramble, Gee and Tempton "that [Plaintiff] was transferred due to the alleged affair between [Jackson and Kilpatrick, and that Jackson was sexually promiscuous]." Kilpatrick Affidavit, ¶ 20.

itself over time, rather than as a series of discrete acts." ' *Waltman v. International Paper Co.,* 875 F.2d 468, 474 (5th Cir.1989) (quoting *Abrams v. Baylor College of Medicine,* 805 F.2d 528, 532 (5th Cir.1986)). The subject matter, frequency, and permanence of the alleged discrimination are all factors to be considered when determining whether a plaintiff can support a claim for a continuing violation, although these factors are not exhaustive. *Id.* at 475. In order to sustain a claim under this exception, the plaintiff must show that at least one incident of harassment occurred within the limitations period. *Id.* at 474–75.

The Court finds that the continuing violation exception does not apply, because each wrong potentially actionable under Title VII that allegedly occurred within 300 days of Plaintiffs' filing her EEOC charge on September 21, 1994 was a discrete event. *Waltman,* 875 F.2d at 474. *See also Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 446 (7th Cir.1994) (in order to establish a continuing violation, the Plaintiff must allege an event occurring within the limitations period which can serve as an "anchor" for the earlier conduct); *Purrington v. University of Utah,* 996 F.2d 1025, 1028 (10th Cir.1993) (for continuing violation, one of the acts must fall within the limitations period).

*Tramble's Sexual Harassment.*—To the extent Plaintiff complains of sexual harassment or other inappropriate behavior by Lorenzo Tramble, she was aware of the allegedly offensive conduct and therefore clearly had sufficient information to file a timely Charge of Discrimination with the Texas Commission on Human Rights ("TCHR"). *See Alldread v. City of Grenada,* 988 F.2d 1425, 1432 (5th Cir.1993). It is undisputed that Tramble retired from his position at Prairie View A & M University in August 1993. Viewing all of the evidence in the light most favorable to

Plaintiff Doris Jackson, the Court concludes that she is not entitled to invoke the equitable continuing violation exception.

Therefore, Plaintiff may not recover damages for conduct of any of the Defendants prior to 300 days before Plaintiff filed her TCHR charge. It is unclear whether Plaintiff filed her harassment charge in December 1994, as alleged in the Complaint, or in September 1994, as stated by Defendants in their Motion to Dismiss and their Objections to the Magistrate Judge's M & R. In any event, Plaintiffs' claims for sexual harassment as she identified them to the TCHR are time-barred, since the alleged harasser left Defendant University's employ in August 1993. Plaintiffs' complaint in this action and her affidavit to the TCHR do not allege that she suffered any sexual harassment by Tramble thereafter. Moreover, the record indicates that Plaintiff did not inform the University of the sexual harassment until March 1993, at which time action immediately was taken to remedy the problem caused by Tramble. Thus, the sexual harassment claim of Plaintiff Doris Jackson is properly dismissed.

■ *Hostile Environment.*—Plaintiff now contends that the sexual harassment continued because of the slanderous statements allegedly made by Defendants about her having an illicit sexual relationship with Kilpatrick. This theory *of sexual* harassment is only alluded to in the most vague way in her complaint.[3] A Title VII plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *LaPierre v. Benson Nissan, Inc.,* 86 F.3d 444, 448 (5th Cir.1996). Once established, the *prima facie* case raises an inference of intentional discrimination. *Id.* The burden of production then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged em-

---

**3.** Plaintiff suggests that false rumors started by Defendants created a hostile work environment. She states:

> After Plaintiff Jackson complained regarding the actions of Defendant Tramble, Defendant Tramble and supervisors at the Physical Plant Department began to make slanderous and false accusations against Plaintiff Jackson. These parties accused Plaintiff Jackson of being sexually promiscuous and of having an

adulterous affair. These statements were false, and when discovered, Plaintiff Jackson confronted the Defendants and requested that they stop their campaign.

Instead of stopping, however, the Defendants intentionally and maliciously continued to spread these false rumors. These actions by Defendants created an atmosphere in the department that was extremely hostile and tense. Plaintiffs' Original Complaint, ¶ 16.

ployment action. *Id.* Once the defendant satisfies this burden, the inference drops from the case, and the plaintiff must then prove that the proffered reasons are a pretext for discrimination. *Meinecke v. H & R Block of Houston,* 66 F.3d 77, 83 (5th Cir. 1995). It is not clear to this Court that repetition of rumors of sexual improprieties *per se* gives rise to a hostile environment claim,[4] as Plaintiff argues. This is academic, however, because Plaintiff has failed to establish a *prima facie* case of sexual harassment, because she has proffered no evidence of discrimination on the basis of her sex.[5] Plaintiff simply alleges that false rumors about her created an atmosphere in the department that was "tense" and "hostile." She has failed to allege or establish factually that these rumors were circulated in an effort to discriminate against her on the basis of sex. Moreover, there is insufficient evidence in the record to establish a sexually hostile environment claim based on conduct by her co-workers or supervisors. Plaintiff states that she had the support of her bosses Wondalyne Jackson and Mr. Kilpatrick, and she appears to assert no claims against them. Apart from Tramble's conduct, it seems that much of the rumor-mongering that created the allegedly hostile environment was by secretaries and other non-Defendant co-workers, rather than by the individual Defendants in this case. *See* Jackson Affidavit, at 2.[6]

█ In the Fifth Circuit, the criteria for a sexual harassment claim based on a hostile environment are as follows: (1) sexually discriminatory intimidation, ridicule and insults, which are (2) sufficiently severe or pervasive that they (3) alter the conditions of employment and (4) create an abusive working environment. *DeAngelis,* 51 F.3d at 594. The Court does not find that these criteria have been established in this case and therefore tentatively dismisses Plaintiffs' hostile environment sexual harassment claim.[7]

4. Plaintiff cites a Third Circuit case, *Spain v. Gallegos,* 26 F.3d 439 (3rd Cir.1994), for the proposition that rumors of an affair with a male supervisor establish a gender-based hostile environment claim. The Court finds this comparison to *Spain* unavailing. First, *Spain* is not binding precedent in the Fifth Circuit. Second, the facts in *Spain* are distinguishable from those in the case at bar. In *Spain,* the plaintiff alleged that her supervisor's repeated and frequent improper conduct in the workplace was the basis for the rumors. In the case at bar, by contrast, there is no allegation concerning misconduct by the supervisor purportedly linked to Plaintiff in the rumors. In fact, unlike the supervisor in *Spain,* Kilpatrick has not been named as a defendant. He was alleged by Plaintiff to have been a supporter of Plaintiffs' while she worked with him. Indeed, he gave an affidavit in support of Plaintiffs' claim in response to Defendants' Motion to Dismiss. Moreover, the Third Circuit expressly distinguished *Spain* from cases in which rumors developed as a result of other employees' misperception of a supervisor's and an employee's job-related interaction, and cases in which the situation was merely one of idle gossip about an alleged office romance. While Plaintiff may have been subjected to something more than idle gossip, her case clearly fits into the category of cases distinguished by the Third Circuit, i.e., cases in which rumors developed as a result of co-workers' misperceptions about the interaction between supervisors and their subordinates. While Plaintiff may have a viable defamation claim, the Court is not willing to say here, or generally, that a defamation claim based purely on the circulation of false rumors in the workplace by co-

workers or certain other employees of a Defendant gives rise in the Fifth Circuit to an actionable sexually hostile work environment claim under Title VII.

5. To establish an actionable claim of sexual harassment in the workplace, a plaintiff must demonstrate:

(1) that she belongs to a protected class;
(2) that she was subject to unwelcome sexual harassment;
(3) that the harassment was based on Plaintiff's sex;
(4) that the harassment affected a term, condition or privilege of employment; and
(5) that the employer either knew or should have known of the harassment and failed to take prompt remedial action. *DeAngelis v. El Paso Mun. Police Officers Ass'n,* 51 F.3d 591, 593 (5th Cir.), *cert. denied,* ——— U.S. ———, 116 S.Ct. 473, 133 L.Ed.2d 403 (1995).

6. Plaintiff offers seven allegedly slanderous statements in support of her claims. The first was made by "secretaries and others"; the third refers to "rumors" that Plaintiff and Kilpatrick have a child together; and the fifth refers to an anonymous statement overheard by a co-worker.

7. Since this issue has not been raised or briefed by the parties, the Court will hear argument on Plaintiffs' sexual harassment claim at Docket Call on August 9, 1996. The parties may submit evidentiary matters they believe are germane to this claim on or before August 6, 1996.

██ *"Demotion" Allegedly Due to Sex Discrimination.*—Plaintiff also claims that she was demoted due to Defendants' continued repetition of slanderous statements. Thus, the demotion claim will be deemed to have arisen upon Defendant University's giving her notice of the transfer of which she complains, *i.e.,* in March 1994. While this claim may be timely (Plaintiff filed her TCHR charge on or before December 14, 1994), Plaintiff has failed to meet her summary judgment burden of raising a fact question as to pretext as to this claim. *See Meinecke v. H & R Block of Houston,* 66 F.3d at 83. While Plaintiff alleges that she was moved out of the Physical Plant department due to her "reputation of having an affair," Jackson Affidavit, at 2, Defendants have articulated a legitimate, non-discriminatory reason for her transfer which has nothing to do with her reputation. Willie Tempton stated in his affidavit that Plaintiffs' transfer, along with the transfer of three other employees in the same office, "resulted from a deteriorating work environment characterized by constant allegations of favoritism, phone call monitoring, and note-keeping on fellow workers." Tempton Affidavit, at 2. Thus, these four employees were all reassigned to "clear the work atmosphere and facilitate production in that office." *Id* Plaintiff offers no evidence in response that Defendants' proffered reason for her transfer is pretextual. ·

██ Moreover, the Court is unconvinced that Plaintiff has met her burden to show that she suffered an adverse employment action (*i.e.,* the demotion) by Defendants based on her sex. Her conclusory allegation in her affidavit in opposition to Defendants' Motion to Dismiss (Exh. B to Plaintiffs' Response, at 2 [Doc. # 10] is insufficient. *See Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc)). It is questionable whether such showing can be made in this case, as a matter of law; Plaintiff suffered no reduction of salary or benefits as a result of the transfer.[8] Therefore, the Court tentatively concludes that Defendants are entitled to summary judgment on this claim as well.[9]

### 2. *Section 1981 Claim:*

Plaintiff has established no genuine issue of material fact as to her claim under 42 U.S.C. § 1981, for discrimination based on race. Indeed, there is no evidence in the record to which the parties have referred the Court that even mentions race as a factor in the events in issue. Moreover, Plaintiffs' failure to specifically object to the Magistrate Judge's M & R in that respect is noted by this Court.

It is further

**ORDERED** that

1. Since all pending motions have been decided, the referral of this case to Magistrate Judge Botley is **withdrawn.** 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b).

2. This case is set for **Docket Call on August 9, 1996,** at **4 p.m.** in **Courtroom 9–F,** United States Courthouse, 515 Rusk St., Houston, Texas. This case will be set for trial during late August or September, 1996.

3. At docket call, the parties should be prepared to argue any issues they want the Court to reconsider in relation to Plaintiffs' Title VII or slander claims. Evidentiary materials may be submitted on or before **August 6, 1996,** for the Court's consideration in regard to these claims.

4. The parties shall participate in another full or half day **mediation** of this case either with the mediator previously selected in this action, or with another mediator of their choice.

██

---

8. The Court is aware of Plaintiffs' allegation that later the salary for her former position was increased, but finds it unpersuasive and conclusory.

9. As stated above, the Court will hear argument on Plaintiffs' sexual harassment claim at Docket Call on August 9, 1996. The parties may submit evidentiary materials germane to this claim by August 6, 1996.