TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00317-CV






Curtis M. Pilgrim, Appellant



v.



City of Mustang Ridge, Appellee







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 207TH JUDICIAL DISTRICT


NO. 000-00-001A, HONORABLE JACK H. ROBISON, JUDGE PRESIDING







 Curtis M. Pilgrim appeals from the trial court's summary judgment rendered in
favor of the City of Mustang Ridge (the City) in his suit for defamation and civil rights violations. 
We will affirm the trial court judgment.


Factual and Procedural Background



 Pilgrim filed suit against the City and Arthur Villarreal,(1) the former police chief
of the City, based on remarks Villarreal made about Pilgrim at a training seminar for police chiefs
in San Antonio in January 1999, and later repeated in front of two employees in the office of the
Caldwell County Sheriff. The City answered with the affirmative defense of governmental
immunity.

 On March 30, 2000, the City filed a motion for summary judgment. On April 13, 
Pilgrim filed an amended original complaint and a motion to strike the April 25 setting on the
City's motion for summary judgment. The City's motion for summary judgment was reset to May
11. The City obtained leave to file a supplemental motion to address the new claims and requested
that both motions be heard May 11. On April 2, the City filed its supplemental motion; Pilgrim
filed his response May 3. At the hearing on the motion on May 11, the Court asked Pilgrim if he
had any further response than what he had already filed, and he said no. After hearing argument
from Pilgrim and the City, the Court granted the City's motion.

 As summary judgment evidence, Pilgrim introduced a letter from Chief Clint
Meadows of the Martindale Police Department detailing a conversation that he had had with
Arthur Villarreal in San Antonio in which Villarreal asserted that Pilgrim had a police record for
a "peeping Tom" offense. Chief Meadows stated in the letter that he had run a criminal
background check before hiring Pilgrim and did not discover such a conviction. Two statements
from employees at the Caldwell County Sheriff's Department said that Villarreal made an
allegation that Pilgrim had a criminal record for a "peeping Tom" offense and burglary. Pilgrim
was not an employee of the City or Caldwell County at the time. Pilgrim introduced no summary
judgment evidence of any action taken against him by the Martindale Police Department based on
Villarreal's statements.(2)

 Pilgrim brings six issues attacking the grant of summary judgment on various
grounds and brings two issues raising procedural complaints.

Discussion



 On review of a summary judgment, the movant for summary judgment has the
burden of showing that there is no genuine issue of material fact and it is entitled to summary
judgment as a matter of law. Nixon v. Mr. Property Mgmt. Co., Inc., 690 S.W.2d 546, 548-49
(Tex. 1985). In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the nonmovant will be taken as true; every reasonable inference
will be indulged in favor of the nonmovant with any doubts resolved in its favor. Id. The
dispositive issue is not whether the summary judgment proof raises fact issues, but whether the
summary judgment proof establishes as a matter of law that there is no genuine issue of material
fact. See Gibbs v. General Motors Corp. 450 S.W.2d 827, 828 (Tex. 1970). For a defendant-movant to obtain a summary judgment, it must disprove, as a matter of law, one essential element
of each of plaintiff's causes of action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.
1991); Toungate v. Bastrop Indep. Sch. Dist., 842 S.W.2d 823, 825 (Tex. App.--Austin 1992,
no writ).

 In issue four, Pilgrim complains of the trial court's hearing the original and
supplemental motion on May 11, contending he should have had twenty-one days notice. 
However, in response to questions by the court at the hearing, Pilgrim stated that his response was
complete and that his response would not change if the court gave him a continuance. Pilgrim
then argued at the hearing. A non-movant may waive a notice violation by appearing at the
scheduled hearing and failing to object or request a continuance. See White v. Wah, 789 S.W.2d 
312, 319 (Tex. App.--Houston [1st Dist.] 1990, no writ); Hudenburg v. Neff, 643 S.W.2d 517,
518 (Tex. App.--Houston [14th Dist.] 1982, writ ref'd n.r.e.). Pilgrim fully participated at the
hearing, declined a continuance because his response was complete, and did not raise a complaint
about notice in a post-trial motion. Pilgrim has not demonstrated any harm based on notice. See
Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998). Pilgrim has
waived any objections based on insufficient notice. See Delta (Delaware) Petroleum & Energy
Corp. v. Houston Fishing Tools Co., 670 S.W.2d 295, 296 (Tex. App.--Houston [1st Dist.] 1983,
no writ). We overrule issue four.

 In issue seven, Pilgrim complains that the trial court erred in severing his claims
against Villarreal from his claims against the City. The purpose of a severance is to promote
judicial efficiency and avoid prejudice, inconvenience and delay. Guaranty Fed. Sav. Bank v.
Horseshoe Operating Co., 793 S.W.2d 652, 658 (Tex. 1990). Severance rests largely in the
discretion of the trial court, whose decision will not be reversed absent an abuse of discretion
resulting in prejudice. Guaranty Fed. Sav. Bank, 793 S.W.2d at 658; Guidry v. National Freight,
Inc., 944 S.W.2d 807, 812 (Tex. App.--Austin 1997, no writ). Although Pilgrim states an issue
concerning severance, he offers no argument or authority on the point, Tex. R. App. P. 38.1(h),
nor does he demonstrate any harm to him from the severance. Accordingly, we overrule issue
seven.(3)

 Pilgrim's other six issues attack the granting of summary judgment in the City's
favor. Pilgrim's original petition attempted to hold the City liable for the statements made by
Pilgrim. In its motion for summary judgment, the City raised governmental immunity as an
affirmative defense.

 The doctrine of governmental immunity generally shields a city from liability except
to the degree that the Texas Tort Claims Act waives that immunity.(4) Tex. Civ. Prac. & Rem.
Code Ann. § 101.021 (West 1997) (Act); City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex.
1995); City of Lancaster v. Chambers, 883 S.W.2d 650, 658 (Tex. 1994); City of Hempstead v.
Kmiec, 902 S.W.2d 118, 122 (Tex. App.--Houston [1st Dist.] 1995, no writ). The Tort Claims
Act waives governmental immunity in three general areas: use of motor-driven vehicles, premises
defects, and injuries arising from the condition or use of tangible personal or real property. Act
§ 101.021 (West 1997); City of Hempstead, 902 S.W.2d at 122. Intentional torts do not fall
within the scope of any waiver of immunity under the Tort Claims Act. Act § 101.057(2); City
of Hempstead, 902 S.W.2d at 122; City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex.
App.--San Antonio 1990, writ denied). Defamation is an intentional tort. City of Hempstead, 902
S.W.2d at 122. Accordingly, assuming that Pilgrim's evidence established that Villarreal made
the statements, the City has demonstrated its right to sovereign immunity, which bars Pilgrim's
claim. See id.; see also Jones v. Houston Indep. Sch. Dist., 979 F.2d 1004, 1007 (5th Cir. 1992);
Jackson v. Texas A & M University System, 975 F. Supp. 943 (S.D. Tex. 1996).

 In his amended petition, Pilgrim added claims for negligence and civil rights
violations under section 1983 of the United States Code.(5) 42 U.S.C.A. § 1983 (West Supp. 2000). 
Pilgrim alleged that the City was negligent because it did not develop and implement policies and
procedures to instruct its officers on the law enforcement code of ethics, on the disclosure of
public information and on handling privileged information. Pilgrim did not make any allegations
more specific than that; nor did he introduce any evidence other than the evidence concerning
Villarreal's statements. In its supplemental motion for summary judgment, the City claimed that
plaintiff was attempting to circumvent the Tort Claims Act's lack of waiver for intentional torts
by simply altering his pleadings without any supporting evidence and claimed that plaintiff was
improperly relying on a respondeat superior theory to attempt to hold the City liable under section
1983 for the individual actions of Villarreal.(6)

 Once the City established its governmental immunity defense, the burden shifted
to Pilgrim to produce summary judgment evidence to overcome that affirmative defense. A simple
allegation of negligence is inadequate to impose liability under the Tort Claims Act. See Delaney
v. University of Houston, 835 S.W.2d 56, 60 (Tex. 1992); Medrano v. City of Pearsall, 989
S.W.2d 141, 144-45 (Tex. App.--San Antonio 1999, no writ). Further, a municipality is immune
from liability for the negligent formulation of policy. State v. Terrell, 588 S.W.2d 784, 788 (Tex.
1979). The City has negated Pilgrim's negligence cause of action.

 Pilgrim also amended his pleadings to allege a civil rights violation. 42 U.S.C.A.
§ 1983 (West Supp. 2000). In order to hold the city liable for a civil rights violation, Pilgrim
must allege and prove that the City deprived him of a right secured by the constitution and laws
of the United States, and that the City deprived him of this right under color of law. Adickes v.
S.H. Kress & Co., 398 U.S. 144, 150 (1970); City of Alamo v. Casas, 960 S.W.2d 240, 249 (Tex.
App.--Corpus Christi 1997, pet. denied). The municipal policy itself must cause the constitutional
tort. City of Alamo, 960 S.W.2d at 249; Lang v. City of Nacogdoches, 942 S.W.2d 752, 761
(Tex. App.--Tyler 1997, writ denied); City of Lubbock v. Corbin, 942 S.W.2d 14, 20 (Tex.
App.--Amarillo 1996, writ denied). The City is not liable merely because it employs a tort-feasor. 
City of Alamo, 960 S.W.2d at 249; Lang, 942 S.W.2d at 762. An action for defamation alone
does not state a claim for relief under section 1983 because no deprivation of a protected interest
occurs. Paul v. Davis, 424 U.S. 693, 712 (1976). The only evidence Pilgrim brought forth
concerned the intentional defamatory statements of Villarreal, not any policies or customs of the
City. Pilgrim pleads no specific interest protected by the Due Process clause of which he was
deprived by Villarreal's statements. At the time that Villarreal made the statements in Caldwell
County, Pilgrim was no longer employed by Caldwell County. The Martindale police chief had
performed a background check on Pilgrim; there is no evidence that he took any adverse action
against Pilgrim based on Villarreal's statements. Accordingly, we overrule Pilgrim's issues one,
two, three, five, six, and eight.


Conclusion



 The City either successfully negated at least one element of each of Pilgrim's causes
of action or established an affirmative defense to the cause, entitling it to summary judgment. We 
overrule all of Pilgrim's issues presented and affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 2, 2000

Do Not Publish


1. After the grant of summary judgment in the City's favor, the cause against the City was
severed so that the appeal could proceed.
2. The record and briefs contain no explanation for Villarreal's possible motive in making these
remarks.
3. Pilgrim represents himself, which does not excuse him from complying with applicable 
rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the
relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46
(1975). As stated by the Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves must
comply with the applicable procedural rules, or else they would be given an unfair
advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978);Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S. Ct. 1557 (April
3, 2000).
4. Pilgrim's suit arises out of a governmental function of the City to which the Tort Claims
Act applies. Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (West Supp. 2000).
5. In his amended petition and at the hearing, Pilgrim referred to wanting to "remove" his
section 1983 claim to federal court, but also said he wanted the state court to retain jurisdiction.
Of course, as a plaintiff, Pilgrim could have filed in federal court; he does not remove the case.
We treat his claim as a section 1983 claim brought in state court.
6. The City brought both an ordinary and a "no evidence" motion against Pilgrim in its
supplemental motion for summary judgment covering both Pilgrim's negligence and section 1983
claims. Accordingly, when we discuss these claims, we will discuss the evidence, or lack of
evidence, brought forward by Pilgrim.


 for the negligent formulation of policy. State v. Terrell, 588 S.W.2d 784, 788 (Tex.
1979). The City has negated Pilgrim's negligence cause of action.

 Pilgrim also amended his pleadings to allege a civil rights violation. 42 U.S.C.A.
§ 1983 (West Supp. 2000). In order to hold the city liable for a civil rights violation, Pilgrim
must allege and prove that the City deprived him of a right secured by the constitution and laws
of the United States, and that the City deprived him of this right under color of law. Adickes v.
S.H. Kress & Co., 398 U.S. 144, 150 (1970); City of Alamo v. Casas, 960 S.W.2d 240, 249 (Tex.
App.--Corpus Christi 1997, pet. denied). The municipal policy itself must cause the constitutional
tort. City of Alamo, 960 S.W.2d at 249; Lang v. City of Nacogdoches, 942 S.W.2d 752, 761
(Tex. App.--Tyler 1997, writ denied); City of Lubbock v. Corbin, 942 S.W.2d 14, 20 (Tex.
App.--Amarillo 1996, writ denied). The City is not liable merely because it employs a tort-feasor. 
City of Alamo, 960 S.W.2d at 249; Lang, 942 S.W.2d at 762. An action for defamation alone
does not state a claim for relief under section 1983 because no deprivation of a protected interest
occurs. Paul v. Davis, 424 U.S. 693, 712 (1976). The only evidence Pilgrim brought forth
concerned the intentional defamatory statements of Villarreal, not any policies or customs of the
City. Pilgrim pleads no specific interest protected by the Due Process clause of which he was
deprived by Villarreal's statements. At the time that Villarreal made the statements in Caldwell
County, Pilgrim was no longer employed by Caldwell County. The Martindale police chief had
performed a background check on Pilgrim; there is no evidence that he took any adverse action
against Pilgrim based on Villarreal's statements. Accordingly, we overrule Pilgrim's issues one,
two, three, five, six, and eight.


Conclusion



 The City either successfully negated at least one element of each of Pilgrim's causes
of action or established an affirmative defense to the cause, entitling it to summary judgment. We 
overrule all of Pilgrim's issues presented and affirm the trial court's judgment.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Patterson

Affirmed

Filed: November 2, 2000

Do Not Publish


1. After the grant of summary judgment in the City's favor, the cause against the City was
severed so that the appeal could proceed.
2. The record and briefs contain no explanation for Villarreal's possible motive in making these
remarks.
3. Pilgrim represents himself, which does not excuse him from complying with applicable 
rules of procedure: "Neither is it [the right of self-representation] a license not to comply with the
relevant rules of procedural and substantive law." Faretta v. California, 422 U.S. 806, 834 n.46
(1975). As stated by the Texas Supreme Court:


There cannot be two sets of procedural rules, one for litigants with counsel and the
other for litigants representing themselves. Litigants who represent themselves must
comply with the applicable procedural rules, or else they would be given an unfair
advantage over litigants represented by counsel.


Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978);Chandler v. Chandler, 991
S.W.2d 367, 378-79 (Tex. App.--El Paso 1999, pet. denied), cert. denied, 120 S. Ct. 1557 (April
3, 2000).
4. Pilgrim's suit arises out of a governmental function of the City to which the Tort Claims
Act applies. Tex. Civ. Prac. & Rem. Code Ann. §