**CITY OF HEMPSTEAD and Rudy Trahan, Individually and in his Official Capacity as Chief of Police of the City of Hempstead, Texas, Appellants,**

v.

**Donna Milam KMIEC, Appellee.**

**No. 01–94–00844–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1995.

William S. Helfand, Gina Fantasia, Houston, for appellants.

Albert M. McCaig, Jr., Waller, for appellee.

Before OLIVER–PARROTT, C.J., and TAFT and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

Donna Milam Kmiec (the plaintiff), sued the City of Hempstead and the Chief of Police of Hempstead, Rudy Trahan, alleging false arrest, false imprisonment, malicious prosecution, and defamation. In her petition, the plaintiff alleged her suit was "partly under the Texas Tort Claims Act." The City and Chief Trahan appeal from the trial court's denial of their motion for summary judgment based on official immunity. We reverse and render.

### Background

On August 8, 1993, while attending a party, the plaintiff got into a fight with another guest, Tina Canaan. Canaan was asked to leave. After Canaan left, she filed a report with the Hempstead Police Department that she had been assaulted. Officer Anderson photographed Canaan's injuries. Chief Trahan reviewed the offense report and spoke with Canaan by telephone. On August 16, 1993, Chief Trahan signed and submitted a probable cause affidavit, and Municipal Court Judge King issued a warrant for the plaintiff's arrest.

When the plaintiff discovered that a warrant had been issued for her arrest, she called the Chief and asked to tell her side of the story. The Chief told her that he did not want to discuss it over the phone. The plain-

tiff went down to the police station, where she was arrested, processed, and released on bond.

On August 25, 1993, the Waller County News Citizen ran an article entitled "Police Beat," which contained information about the plaintiff's arrest as well as other arrests. The plaintiff concedes that the information in the article was accurate. On September 20, 1993, Judge King dismissed the case against the plaintiff.

The plaintiff sued the City and the Chief (in his individual and official capacities), alleging claims for false arrest, false imprisonment, malicious prosecution, and defamation. The City and the Chief filed a joint motion for summary judgment. As to the City, the motion alleged that the plaintiff had no claim cognizable under the Texas Tort Claims Act. See TEX.CIV.PRAC. & REM.CODE § 101.001 et seq. (1995). As to the Chief individually, the motion alleged the Chief was entitled to qualified immunity; as to the Chief officially, the motion alleged the Chief was entitled to summary judgment if the City was entitled to it.

The trial court granted the motion for summary judgment as to the City but denied it as to the Chief. The trial court did not specify the grounds on which it granted or denied the motion. The City and the Chief appeal under the authority of TEX.CIV.PRAC. & REM.CODE § 51.014(5) (1995), which permits an appeal from an interlocutory order that denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state. Their arguments can be divided into two separate arguments: (1) if the City was entitled to governmental immunity, Chief Trahan was also entitled to summary judgment as to the claims made against him in his official capacity; and (2) Chief Trahan was entitled to summary judgment on the claim made against him in his individual capacity.

## A.

### Official Immunity for Acts in Individual Capacity

In points of error one and two, the City and the Chief argue the trial court erred in denying their motion for summary judgment because the Chief was protected by official immunity for acts performed in his individual capacity.[1]

■ The party moving for summary judgment has the burden of proving there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). In reviewing an order on a motion for summary judgment, we accept the evidence that favors the non-movant as true, and we indulge all reasonable inferences and resolve doubts in favor of the non-movant. *Id.*

■ Official immunity is an affirmative defense. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994); *Boozier v. Hambrick*, 846 S.W.2d 593, 597 (Tex.App.—Houston [1st Dist.] 1993, no writ). When a defendant moves for summary judgment on an affirmative defense, the defendant must establish all the elements of the defense as a matter of law. *Chambers*, 883 S.W.2d at 653; *Boozier*, 846 S.W.2d at 597.

■ Government officials are entitled to official immunity from suits arising out of the performance of their (1) discretionary duties (2) in good faith as long as they are (3) acting within the scope of their authority. *Chambers*, 883 S.W.2d at 653; *Boozier*, 846 S.W.2d at 597. There is no dispute that the Chief was acting within the scope of his authority. The only issues before us, therefore, are whether the Chief proved he was performing discretionary duties and whether he proved he acted in good faith.

---

1. Official immunity is also called qualified immunity. *Travis v. City of Mesquite*, 830 S.W.2d 94, 100 n. 2 (Tex.1994) (Cornyn, J., concurring). The use of the term "official immunity" is con-

fusing because official immunity covers acts performed by a government official in the person's individual capacity, not in the person's official capacity.

## 1. Discretionary Duties

■ If an act involves personal deliberation, decision, and judgment, it is discretionary. *Chambers,* 883 S.W.2d at 654. If an act is such that the actor has no choice, where the law prescribes and defines the duties to be performed with such precision as to leave nothing to the exercise of discretion or judgment, it is ministerial. *Id.*

A police officer must exercise discretion in determining how to investigate, and to what extent to investigate before seeking a warrant. *See Chambers,* 883 S.W.2d at 655 (decision to pursue suspect is discretionary); *Vasquez v. Hernandez,* 844 S.W.2d 802, 804–05 (Tex.App.—San Antonio 1992, writ dism'd) (officer exercised discretion in drawing gun to arrest suspect); *Dent v. City of Dallas,* 729 S.W.2d 114, 116 (Tex.App.—Dallas 1986, writ denied) (officer was exercising discretion when he gave chase to suspect). The duties incident to investigating a crime are discretionary ones. *Wyse v. Department of Public Safety,* 733 S.W.2d 224, 227 (Tex.App.—Waco 1986, writ ref'd n.r.e.).

We find Chief Trahan was performing discretionary duties when he investigated the allegations and signed and submitted a probable cause affidavit for the plaintiff's arrest.

## 2. Good Faith

■ In *Chambers,* the Texas Supreme Court modified the test for good faith in the context of lawsuits that are filed after a person is injured in an accident that occurs during a high-speed chase by police officers. The Court held that in such cases, an officer acts in good faith

> if a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit.

*Chambers,* 883 S.W.2d at 656. To defeat a motion for summary judgment, the nonmovant must show that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts." *Id.* at 657. In other words, "if officers of reasonable competence could dis-

agree on this issue, immunity should be recognized." *Id.*

Applying *Chambers* to this case, we hold that to meet his summary judgment burden, the Chief was required to show that a reasonably prudent officer could have believed that arresting the plaintiff was justified. The Chief's summary judgment evidence consisted of excerpts from the deposition testimony of the plaintiff and his own depositions. In his deposition, the Chief testified that during his investigation he spoke with Canaan, the complainant, by telephone, and that he conducted the investigation in compliance with the Texas Penal Code and Code of Criminal Procedure. In the excerpts from the plaintiff's deposition, she stated she had no reason to believe the Chief acted maliciously or with any intent to harm her.

To defeat the Chief's motion for summary judgment, the plaintiff was required to show that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts." *Chambers,* 883 S.W.2d at 657. The plaintiff also relied on excerpts from the two depositions. In her deposition, the plaintiff testified she attempted to contact the Chief to give him "her side of the story" after the warrant was issued, but that he would not discuss the matter with her. Nothing in the plaintiff's summary judgment evidence addresses how a reasonable officer would have investigated the allegations against the plaintiff differently. The plaintiff did not submit an affidavit or expert testimony addressing what a reasonable police officer would have done differently. The plaintiff's argument seems to be that in a small town such as Hempstead, a reasonable police officer should have known that the circumstances surrounding Canaan's allegations were not one-sided. There is simply no summary judgment proof to support her argument.

We find the Chief was acting in good faith when he investigated the allegations and signed and submitted a probable cause affidavit for the plaintiff's arrest. We find the plaintiff did not raise a fact issue as to the Chief's good faith. Accordingly, we hold that the trial court erred in denying the Chief's

motion for summary judgment based on official immunity.

We sustain points of error one and two.

### B.

### Governmental Immunity for Acts in Official Capacity

In points of error three, four, and five, the City and the Chief argue the trial court erred in denying the Chief's motion for summary judgment because he is protected by governmental immunity for acts performed in his official capacity. In point of error six, the City and the Chief argue the trial court erred in denying the Chief's motion for summary judgment on the plaintiff's defamation claim because she admitted the information was accurate, and the information was available to the public pursuant to the Open Records Act.

 When the trial court granted the City's motion based on governmental immunity, the court should have also granted Chief's motion for summary judgment based on his official capacity. If the City was not liable because of governmental immunity, neither was the Chief when sued in his official capacity. Suits against a governmental official in his official capacity are just another way of pleading a suit against a governmental entity of which the official is an agent. *Winograd v. Clear Lake City Water Auth.*, 811 S.W.2d 147, 162 (Tex.App.—Houston [1st Dist.] 1991, writ denied). If the City was entitled to summary judgment based on governmental immunity, so was the Chief when he was sued in his official (as opposed to individual) capacity. The plaintiff cannot prevail against the Chief for any acts within his official capacity unless the plaintiff can prevail against the City.

 The common law doctrine of governmental immunity shields the City from liability except to the extent the immunity was waived by the Texas Tort Claims Act. *Chambers*, 883 S.W.2d at 658; *Cronen v. Nix*, 611 S.W.2d 651, 653 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). The Tort Claims Acts waives governmental immunity in three general areas: use of public-

ly owned vehicles, premises defects, and injuries arising from conditions or use of property. Tex.Civ.Prac. & Rem.Code § 101.021; *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31 (Tex.1983). The plaintiff does not allege that the arrest was related to the operation or use of a motor vehicle, a premises defect, or the use or misuse of property owned or controlled by the City. Thus, she does not bring her suit within the waiver provisions of the Tort Claims Act.

 The plaintiff's claims fail for another reason. Most of the plaintiff's allegations are for intentional torts—false arrest, malicious prosecution, defamation. The Tort Claims Act does not waive immunity for intentional torts of the City. Tex.Civ.Prac. & Rem.Code § 101.057(2); *City of San Antonio v. Dunn*, 796 S.W.2d 258, 261 (Tex.App.—San Antonio 1990, writ denied) (City immune from liability for false arrest of police officer).

We reverse the order denying the City and the Chief's motion for summary judgment and render judgment that the plaintiff take nothing.