IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41232
Summary Calendar
_____

RAUL HERNANDEZ,

Plaintiff-Appellant,

versus

JOSE ELOY PULIDO; HIDALGO COUNTY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-99-CV-66
--------------------
August 2, 2001

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Raul Hernandez appeals the granting of summary judgment dismissing his claims under the First Amendment of the U.S. Constitution, 42 U.S.C. § 1983, and Texas defamation and wrongful discharge law against Jose Eloy Pulido, County Judge of Hidalgo County, and Hidalgo County. We affirm.

Hernandez's First Amendment claim is premised on his argument that he was fired from his position as Hidalgo County Superintendent of Buildings and Grounds impermissibly for not supporting politically the newly-elected county judge, Pulido.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

However, the summary judgment evidence showed that Hernandez's job was a policy-making one, and, therefore, discharge on the basis of political affiliation was constitutionally permissible. See Stegmaier v. Trammell, 597 F.2d 1027, 1035 (5th Cir. 1979). Even if Hernandez's discharge for political affiliation reasons was not constitutionally permissible, both Hidalgo County and Pulido were immune from suit on this claim. See Monell v. Department of Social Servs. of New York, 436 U.S. 658, 694 (1978); Sorenson v. Ferrie, 134 F.3d 325, 330 (5th Cir. 1998).

Pulido and Hidalgo County also are immune from Hernandez's suit for defamation. Defamation is an intentional tort, for which the Texas Tort Claims Act does not waive immunity. TEX. CIV. PRAC. & REM. CODE § 101.057(2) (Vernon 2001); City of Hempstead v. Kmiec, 902 S.W.2d 118, 122 (Tex. App. 1995). To the extent that Pulido was sued in his individual capacity, he also is immune. TEX. CIV. PRAC. & REM. CODE § 101.106 (Vernon 2001); Dallas County Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343-44 (Tex. 1998).

Hernandez's wrongful discharge claim under Texas state law also appropriately was dismissed on summary judgment. Hidalgo County, not Pulido, was Hernandez's employer, and Hidalgo County is sovereignly immune from suit for wrongfully terminating an at-will employee, even one allegedly terminated for refusing to engage in illegal acts. University of Texas Medical Branch at Galveston v. Hohman, 6 S.W.3d 767, 777 (Tex. App. 2000).

2

Hernandez's claim that Pulido and Hidalgo County violated the Texas Whistleblower Act also properly was dismissed on summary judgment. That act provides relief only against the government entity, not Pulido. TEX. GOV'T CODE § 554.0035. Hernandez's claim against Hidalgo County fails because Hernandez did not demonstrate that he made a whistleblowing report as required by the act. See TEX. GOV'T CODE § 554.002 (Vernon 2001). The summary judgment of the district court dismissing all of Hernandez's claims is AFFIRMED.