Opinion Issued February 12, 2004

 







     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01334-CV




ANTHONY LEATHERWOOD, Appellant

V.

PRAIRIE VIEW A & M UNIVERSITY AND TEXAS A & M UNIVERSITY
SYSTEMS, Appellees




On Appeal from the 9th District Court
Waller County, Texas
Trial Court Cause No. 02-08-16491A





MEMORANDUM OPINION

          Anthony Leatherwood, appellant, filed suit against Prairie View A & M
University, Texas A & M University Systems, and several individuals connected to
the Universities in their individual and official capacities for defamation and for
retaliation under the Texas Whistleblower Act and sought injunctive relief and
damages. Prairie View A & M University and Texas A & M University Systems
(collectively “the University”) responded to Leatherwood’s petition with a motion to
sever and a plea to the jurisdiction. The trial court granted the University’s motion
to dismiss and sever. In three issues presented for review, appellant argues that the
trial court improperly granted the University’s motion to dismiss. In particular,
appellant contends that the trial court failed to consider (1) that the Texas
Whistleblower Act contains a statutory waiver of sovereign immunity; (2) that
injunctive relief for defamation is available when the defamation affects a natural or
contractual right; and (3) that a statement which falsely charges a person with the
commission of a crime punishable by imprisonment is considered defamatory per se
and entitles the plaintiff to general or nominal damages. We affirm the order as
modified. 
Background
          Anthony Leatherwood was employed in the Information Technology
Department at Prairie View Texas A & M University. The underlying lawsuit
concerns a one-page letter written on July 12, 2002 by Shah Ardalan, Leatherwood’s
supervisor, to Mr. Larry Raab, Vice President for University Operations. In the letter,
Ardalan wrote about five behavioral conflicts involving Leatherwood and other
University employees. Leatherwood claims that the content of the letter was
defamatory and written in retaliation for his reporting of improper University
conduct. 
          Leatherwood filed his original petition on August 14, 2002, claiming that
Ardalan’s letter was defamatory; he requested damages and a temporary injunction
to prevent dissemination of the information contained in the letter and removal of the
letter from his personnel file. On August 23, 2002, a hearing was granted on
Leatherwood’s request for injunctive relief and set for October 28, 2002. On October
25, 2002, the University filed its response to Leatherwood’s claims and request for
injunctive relief. In its response, the University also filed a plea to the jurisdiction
and a motion to dismiss, claiming that the trial court lacked subject matter jurisdiction
over Leatherwood’s claims because the University was immune from tort liability
under the Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code § 101.021
(Vernon 1997). 
          On October 28, 2002, immediately prior to the hearing on Leatherwood’s
temporary injunction request, Leatherwood filed his “first supplemental pleading,”
alleging for the first time that the University had violated the Texas Whistleblower
Act. See Tex. Gov’t Code Ann. § 554.0035 (Vernon Supp. 2003). That same day,
following the hearing, the trial court denied Leatherwood’s motion for injunctive
relief and granted the University’s motion to dismiss with prejudice. 
Discussion
          Standard of Review
          In three issues, appellant challenges the trial court’s granting of the
University’s plea to the jurisdiction and its dismissal of his claims. A plea to the
jurisdiction challenges the trial court’s subject matter jurisdiction to hear the case.
Bland I.S.D. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Subject matter jurisdiction is
essential to the authority of a court to decide a case and is never presumed. Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). The
plaintiff has the burden to allege facts affirmatively demonstrating that the trial court
has subject matter jurisdiction. Id. at 446; Richardson v. First Nat’l Life Ins. Co., 419
S.W.2d 836, 839 (Tex. 1967). 
          The existence of subject-matter jurisdiction is a question of law. State Dep’t
of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002); Mayhew
v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Therefore, we review de
novo the trial court’s ruling on a plea to the jurisdiction. Id. In deciding a plea to the
jurisdiction, a court may not consider the merits of the case, but only the plaintiff’s
pleadings and the evidence pertinent to the jurisdictional inquiry. County of Cameron
v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). 
 
          Sovereign Immunity
          Sovereign immunity, unless waived and absent legislative consent to sue the
State, protects the State, its agencies, and its officials from lawsuits for damages. Tex.
Natural Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 853 (Tex. 2002). 
The University is a state agency entitled to sovereign immunity. Univ. of Tex.-Pan
Am. v. Valdez, 869 S.W.2d 446, 448 (Tex. App.—Corpus Christi 1993, writ denied). 
In the absence of a waiver of sovereign immunity, a court has no jurisdiction to
entertain a suit against a governmental unit. Tex. Dep’t of Transp. v. Jones, 8 S.W.3d
636, 638 (Tex. 1999). When a trial court learns that it lacks jurisdiction to hear a
cause, the court must dismiss the cause and refrain from rendering a judgment on the
merits. Li v. Univ. of Tex. Health Sci. Ctr., 984 S.W.2d 647, 654 (Tex.
App.—Houston [14th Dist.] 1998, pet. denied). The doctrine of sovereign immunity
shields the State from liability for torts, such as defamation, except to the extent the
immunity was waived by the Legislature or by statute. See City of La Porte v.
Barfield,  898 S.W.2d 288, 291 (Tex. 1995); City of Hempstead v. Kmiec, 902 S.W.2d
118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ). 
          Defamation
          In his second and third issues, appellant contends the trial court erred in
dismissing his claims for injunctive relief and damages for defamation against the
University on grounds of sovereign immunity. We disagree. 
          The Texas Tort Claims Acts waives governmental immunity in three general
areas: use of publicly owned vehicles, premises defects, and injuries arising from
conditions or use of property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021
(Vernon 1997). Appellant did not allege that the alleged retaliatory letter was related
to the operation or use of a motor vehicle, a premises defect, or the use or misuse of
property owned or controlled by the University—the only three areas in which the
State waives immunity for torts. Thus, he does not bring his suit within the waiver
provisions of the Texas Tort Claims Act. 
          Moreover, intentional torts, such as defamation, do not fall within the scope of
the waiver of immunity under the Tort Claims Act. Tex. Civ. Prac. & Rem. Code
Ann. § 101.057(2); City of Hempstead, 902 S.W.2d at 122. Thus, Leatherwood’s
claim also fails because defamation is an intentional tort, for which the Tort Claims
Act does not waive immunity. See City of Hempstead, 902 S.W.2d at 122. 
Accordingly, the University demonstrated its right to sovereign immunity, depriving
the trial court of subject matter jurisdiction over appellant’s defamation claim against
it and all other related claims and requests against the University.


 See Tex. Dep’t of
Transp. v. Jones, 8 S.W.3d at 638 (trial court lacks jurisdiction to hear a suit against
the State unless the State has waived governmental immunity). Because the
University has sovereign immunity with respect to appellant’s defamation claim, the
trial court properly dismissed that claim, with prejudice,


 as well as his claims against
the University for injunctive relief and damages arising from the defamation claim. 
We overrule appellant’s second and third issues. 
          Whistleblower Act
          In his first issue, appellant contends the trial court erred in dismissing his claim
against the University under the Whistleblower Act, section 554.035 of the Texas
Government Code. However, the Texas Whistleblower Act also contains a waiver
of sovereign immunity. Tex. Gov’t Code Ann. § 554.0035 (Vernon Supp. 2003). 
However, before the State’s sovereign immunity is waived, the Act’s statutory
prerequisites for filing suit must be satisfied. Tex. S. Univ. v. Carter, 84 S.W.3d 787,
792 (Tex. App.—Houston [1st Dist.] 2002, no pet.) . A plaintiff’s mere reference to
the Whistleblower Act does not establish the State’s consent to be sued. See Tex.
Gov’t Code Ann. § 554.0035; see also Tex. Dep’t Criminal Justice v. Miller, 51
S.W.3d 583, 587 (Tex. 2001) (referring to the Tort Claims Act). Rather, the plaintiff
bears the burden of alleging facts affirmatively demonstrating the trial court’s
jurisdiction to hear his case. See Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). 
          A court does not have jurisdiction over a Whistleblower Act claim unless the
plaintiff establishes that the State has waived immunity which entails establishing that
he has satisfied the jurisdictional prerequisites to filing suit under the Act. Tex. S.
Univ., 84 S.W.3d at 792. Before an employee files suit under the Whistleblower Act,
he or she must initiate the grievance or appeal procedures of the employing state or
governmental entity within 90 days after the alleged violation occurred. Tex. Gov’t
Code Ann. § 554.006(a),(b). The grievance procedure is a jurisdictional requirement
that is necessary to confer jurisdiction on the trial court. Tex. S. Univ., 84 S.W.3d at
792. Dismissal for lack of jurisdiction is proper when a public employee files a
statutory Whistleblower claim before satisfying mandatory statutory prerequisites. Id.
          In the present case, Leatherwood pleaded a cause of action under the Texas
Whistleblower Act but failed to plead that he had initiated the grievance or appeal
procedures as required by the Act. Because Leatherwood did not plead compliance
with the Act’s prerequisites, he failed to establish his right to sue the University under
the Whistleblower Act. However, a litigant has a right to amend to attempt to cure
pleading defects if jurisdictional facts are not alleged. Tex. R. Civ. P. 80; see Tex.
Dep’t of Transp. v. Ramirez, 74 S.W.3d 864, 867 (Tex. 2002), Tex. Ass’n of Bus., 852
S.W.2d at 446. 
          Accordingly, we overrule appellant’s first issue and affirm the trial court’s
dismissal of his claims against the University under the Whistleblower Act as
modified to reflect a dismissal without prejudice to appellant’s right to replead. 
Conclusion
          We affirm the portion of the trial court’s order dismissing Leatherwood’s
defamation claim and related claims for lack of subject matter jurisdiction with
prejudice, and we affirm as modified the portion of the order dismissing
Leatherwood’s Whistleblower Act claims. 
 
 
                                                             Evelyn V. Keyes
                                                             Justice
Panel consists of Justices Taft, Keyes, and Bland.
Do not publish. Tex. R. App. P. 47.4.