Reversed and Remanded and Memorandum
Opinion filed February 1, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00764-CV



Raul Garza, Appellant 

v.

Harris County, Appellee 



On Appeal from
the 157th District Court

Harris County, Texas

Trial Court
Cause No. 2009-54159



 

MEMORANDUM OPINION

            Raul Garza
appeals from the trial court’s order granting Harris County’s plea to the
jurisdiction.  The trial court found that the County was entitled to governmental
immunity based on the official immunity of one of its employees.  In a single
issue, Garza argues that the trial court erred in granting the plea because the
employee was not performing a discretionary function.  We reverse and remand.

Background

Deputy Jose Gonzalez was an employee of Harris County
Constable Precinct Six and a certified peace officer in March 2008 when he
arrested Garza.  Deputy Gonzalez placed Garza in the back of his squad car and
was transporting him to the County’s jail.  While in transport, Deputy Gonzalez
observed what he believed to be a felony in progress.  He saw a man with a
crowbar who appeared to be attempting to break into a bar.  Deputy Gonzalez
radioed for back-up, but the suspect saw the deputy and got into a Mustang with
two other passengers.  The Mustang drove away quickly, and Deputy Gonzalez
decided to follow.  He was driving at approximately the speed limit with his
emergency lights and siren turned off.  His goal was to maintain a visual on
the Mustang, observe the license plate number, and radio-in the vehicle’s
location so another officer could initiate a stop.  While attempting to follow
the Mustang, Deputy Gonzalez took a turn at thirty miles per hour, and his
vehicle slid off the street and hit a wooden pole.  Garza was injured.

Garza sued for personal injury, and the County filed
a plea to the jurisdiction, attaching several affidavits, accident reports, and
a portion of Garza’s deposition.  Garza responded and attached as evidence a copy
of a Harris County Constable Precinct Six “Instructional Guideline” with the
subject “Transportation of Prisoners.”  The policy provides in part as follows:

Purpose: To provide guidance relative to Officer Safety and
Safe Delivery of Prisoners

The transporting officer of any prisoner shall adhere to
the following unless directed otherwise by The Chain of Command:

. . . 

·       
THE TRANSPORTING OFFICER SHALL NOT PARTICIPATE IN ANY VEHICULAR
PURSUITS, SPECIAL ASSIGNMENTS, CALL OUT FOR MEALS, HANDLE PERSONAL BUSINESS
WHILE IN TRANSPORT MODE.

The district court granted the County’s plea without
specifying the grounds and dismissed the case.  Garza appealed.

Analysis

Garza argues that the
trial court erred in granting the County’s plea to the jurisdiction because the
County failed to prove that it was entitled to governmental immunity as a
result of Deputy Gonzalez’s official immunity.  Specifically, Garza argues that
Deputy Gonzalez was not entitled to official immunity because he was performing
a ministerial function when he engaged in a vehicular pursuit while
transporting a prisoner, which he was specifically prohibited from doing under the
County policy.  The County responds that the policy did not remove Deputy
Gonzalez’s discretion to engage in a pursuit, but even if it did, Deputy
Gonzalez was not engaged in a pursuit when he followed the Mustang from a
distance and traveled within the speed limit without activating his emergency
lights or siren.  We hold that the County failed to establish that it was
entitled to immunity as a matter of law.

A.    Standard
of Review

We review de novo questions of law decided by a trial
court on a plea to the jurisdiction.  Tex. Dep’t of Parks & Wildlife v.
Miranda, 133 S.W.3d 217, 226 (Tex. 2004).  A plea to the jurisdiction may
challenge the pleadings, or the plea may rely upon relevant evidence to
challenge jurisdictional facts.  Id. at 226–27.  If this evidence leads
to a disputed issue of fact regarding jurisdiction that does not implicate the
merits of a claim or defense, then the trial court resolves the fact issue.  See
id. at 226–27; Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555
(Tex. 2000).  If, however, a disputed issue of fact implicates the merits of a
claim or defense, the trial court must employ the standard applicable to summary
judgment.  Miranda, 133 S.W.3d at 227–28.  Under these circumstances,
the plea to the jurisdiction would be granted if the defendant conclusively
established all fact issues that preclude jurisdiction and the plaintiff failed
to raise a genuine issue of material fact.  Id.  Further, the court is
required to assume the truth of all the evidence that favors the plaintiff and
to indulge every reasonable inference and resolve any doubts in the plaintiff’s
favor.  Id.  We review de novo the trial court’s application of the
summary judgment standard.  Id.  

The County has conceded in this case that it bears
the burden of conclusively establishing the affirmative defense of official
immunity to prevail on its assertion of governmental immunity.  Therefore, a jurisdictional
fact implicates the merits of a defense, and we review the trial court’s
determination on the County’s plea under the summary judgment standard.

B.     Immunity:
Discretionary or Ministerial Functions and the Effect of a Departmental Policy

A county is entitled to immunity from suit and
liability if immunity is not waived by statute.  Reata Constr. Corp. v. City
of Dallas, 197 S.W.3d 371, 374–75 (Tex. 2006).  In Texas, a governmental
unit’s immunity is waived when (1) its employee acts within the scope of
employment, (2) the employee negligently acts or omits from acting, (3) the act
or omission proximately causes personal injury, (4) the injury arises from the
operation or use of a motor-driven vehicle, and (5) the employee would be
personally liable to the claimant according to Texas law.  Tex. Civ. Prac. & Rem. Code Ann.
§ 101.021 (West 2005); see also Tex.
Civ. Prac. & Rem. Code Ann. § 101.025 (West 2005) (waiving immunity
to suit whenever liability is created under Chapter 101).  An employee is not
“personally liable” under this statute when he or she is entitled to official
immunity.  DeWitt v. Harris Cnty., 904 S.W.2d 650, 653 (Tex. Crim. App.
1995).  An employee is entitled to official immunity if he or she proves that
the allegedly wrongful act or omission was committed while the employee was (1)
performing a discretionary function, (2) acting in good faith, and (3)
operating within the scope of his or her authority.  City of Lancaster v. Chambers,
883 S.W.2d 650, 653 (Tex. Crim. App. 1994).

On appeal, Garza contends only that the trial court
erred in dismissing the case because Deputy Gonzalez was not performing a
discretionary function.  Accordingly, we limit our discussion to this issue.  The
Texas Supreme Court distinguishes between two types of functions: discretionary
and ministerial.  Id. at 654.  The court has explained that
discretionary functions are those actions that involve personal deliberation,
decision, and judgment.  Id.  Ministerial functions are those actions
that require obedience to orders or to the performance of a duty for which the
actor has no choice.  Id.  When a police officer is driving a vehicle in
a non-emergency setting, he or she is performing a ministerial function.  Harris
Cnty. v. Gibbons, 150 S.W.3d 877, 886 (Tex. App.—Houston [14th Dist.] 2004,
no pet.).  But when an officer engages in a high-speed vehicular pursuit, the
officer is usually performing a discretionary function.  Chambers, 883 S.W.2d
at 655.  

The threshold issue presented by this appeal is
whether the departmental policy at issue eliminated any discretion Deputy
Gonzalez had while transporting his prisoner, Garza.  Statutes and policies
describing and prohibiting negligent conduct in general terms will not make an
officer’s conduct ministerial if it would otherwise be discretionary.  See
Chambers, 883 S.W.2d at 655 (noting that statutes dictating general conduct
of safety, speed, and traffic obligations of operators of emergency vehicles
were “not sufficiently specific so as to leave no choice to an officer in the
performance of these duties,” and thus, did not affect the discretionary nature
of the conduct of police in pursuing a vehicle).  

However, we have previously held that local
governmental units may enact departmental policies to remove an officer’s
discretion to enter into a vehicular pursuit.  See Brown v. Ener, 987
S.W.2d 66, 69 (Tex. App.—Houston [14th Dist.] 1998, no pet.).  Under these
circumstances, an officer’s decision to enter into a pursuit becomes a
ministerial act.  Id.; City of Pharr v. Ruiz, 944 S.W.2d 709,
713–14 (Tex. App.—Corpus Christi 1997, no writ).[1] 
This is so because the officer has no opportunity to deliberate, decide, or
judge whether to engage in the pursuit; the officer has no choice but to obey
orders.  See Brown, 987 S.W.2d at 69.

In Brown v. Ener, we encountered facts
remarkably similar to those in this case and held that a deputy in the Harris
County Constable’s Office was not entitled to summary judgment on the defense
of official immunity when the undisputed evidence showed that (1) the County
had policies that required deputies to obtain permission from a superior before
carrying a civilian passenger and that prohibited emergency pursuits while
transporting a civilian passenger, and (2) the deputy had brought a civilian passenger
for a “ride-along” without prior authorization from superiors and engaged in a
high-speed pursuit.  Id. at 67, 69.  Because the County failed to
introduce any evidence to suggest that its policy was not mandatory, and
because we were required to view the evidence in the light most favorable to
the nonmovant, we determined that we were required to assume that the policy
was mandatory.  Id. at 69.  With this assumption, the policy “would
require the performance of a duty about which the Deputy Ener [sic] had no
choice, or in other words, Deputy Ener acted against department mandates and
performed an act, a high speed chase, in which he had no discretion.”  Id.[2]

During oral argument, the County urged that this case
is distinguishable from Brown because the policy at issue in this case
is not mandatory.  The policy, though styled as an “Instructional Guideline,”
uses the mandatory “shall” to forbid a “transporting officer” from engaging in
a vehicular pursuit.  As in Brown, the policy in question, on its face, appears
to completely remove any discretion from officers to engage in a vehicular
pursuit while transporting a prisoner—it does not merely proscribe how an
officer should make the decision to pursue or provide general standards of
negligence.  

Unlike the record in City of Pharr v. Ruiz,
this record contains insufficient evidence to eliminate the genuine issue of
fact that the policy was not intended to be mandatory.  See 944 S.W.2d
at 714–15.  The County submitted no evidence in response to Garza’s proffer of
the policy, and none of the evidence submitted initially by the County
references the policy in any way.  Thus, viewing the plain language of the
policy in the light most favorable to the nonmovant, we must assume the policy
was mandatory.  As such, Deputy Gonzalez had no discretion to engage in a
vehicular pursuit while transporting a prisoner without receiving authorization
from a superior officer.

Further, the County argues that “there is no evidence
that Deputy Gonzalez violated the policy.”  The County asks us to infer that
Deputy Gonzalez was not “pursuing” the Mustang because of the relatively low
speed and lack of emergency lights and siren.[3] 
The County’s argument and, more importantly, its evidence are directed to
establishing the absence of a high-speed or hot pursuit.  Again, however, we
are required to resolve any doubts in the evidence in Garza’s favor.  The
evidence shows that the occupants of the Mustang fled the scene after seeing Deputy
Gonzalez, and he was following the Mustang and trying to get close enough to
read their license plate.  He attempted to turn a corner at a speed of thirty
miles per hour.  A reasonable fact finder could infer from this record that
Deputy Gonzalez was engaged in a “vehicular pursuit” in violation of the policy. 
We must credit Garza with this inference.

Finally, the County directs our attention to Article
2.13 of the Texas Code of Criminal Procedure, which establishes the general
duties of peace officers in Texas and requires them to “interfere without
warrant to prevent or suppress crime” and “arrest offenders without warrant in
every case where the officer is authorized by law.”  Tex. Code Crim. Proc. Ann. art. 2.13(b) (West 2005).  The
County essentially argues that this provision of the Code provided Deputy
Gonzalez with unfettered discretion to apprehend the fleeing suspects, and the
County cannot prohibit officers from exercising this discretion.  We decline to
interpret this statute as vitiating the power of county constables to specifically
mandate or prohibit certain conduct by its deputies or to remove deputies’
discretion.

Accordingly, the County did not meet its burden to
conclusively establish that Deputy Gonzalez was performing a discretionary
function, and the trial court erred in granting the County’s plea.  We reverse
the trial court’s judgment and remand for further proceedings.

 








                                                                                    

                                                                        /s/        Sharon
McCally

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.









[1]
See also Travis v. City of Mesquite, 830
S.W.2d 94, 103 (Tex. 1992) (Cornyn, J., concurring) (noting, in support of
conclusion that an officer was engaged in discretionary function when the
officer pursued a suspect, that the departmental policy left the decision of
whether to pursue up to the pursuing officers); Chambers, 883 S.W.2d at
655 n.3 (noting the reference in Travis to the departmental guidelines
and stating that the appellant did not raise in this case the issue of whether
“the specific pursuit guidelines of any of the municipalities involved affects
our inquiry into whether actions in pursuit are discretionary or ministerial”);
Mumm v. Mornson, 708 N.W.2d 475, 491–92 (Minn. 2006) (holding that,
although officers engaged in vehicular pursuits generally perform discretionary
functions, officers were not engaged in discretionary function when they
pursued a suspect in violation of a departmental policy prohibiting pursuits
when the suspect did not commit an enumerated crime and the identity of the
suspect was known).





[2]
Neither party brought our decision in Brown to the trial court’s
attention.





[3]
We note that conduct incident to the investigation of a crime is generally
considered discretionary.  See Davis v. Klevenhagen, 971 S.W.2d
111, 118 (Tex. App.—Houston [14th Dist.] 1998, no pet.); City of Hempstead
v. Kmiec, 902 S.W.2d 118, 121 (Tex. App.—Houston [1st Dist.] 1995, no writ).