# NO. 12-18-00108-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PAUL A. ROBBINS AND THE LAW OFFICE OF PAUL A. ROBBINS, APPELLANTS* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *NICOLE D. LOSTRACCO, IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY FOR NACOGDOCHES COUNTY, APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Paul A. Robbins and The Law Office of Paul A. Robbins appeals the trial court's judgment granting Nacogdoches County's plea to the jurisdiction.[1]  Robbins raises three appellate issues for our consideration.  We modify and affirm.

## BACKGROUND

The Nacogdoches County District Attorney's Office (NCDA) and the Nacogdoches County Sheriff's Office (NCSO) have an interlocal agreement governing seized and forfeited property or proceeds from the seizure and forfeiture of property under Chapter 59 of the Texas Code of Criminal Procedure.  Pursuant to the agreement, the NCDA receives fifty percent of all seized property and proceeds from contested forfeiture cases.

---

[1] Robbins sued Lostracco in her official capacity as the elected District Attorney of Nacogdoches County, Texas.  A suit against a government official in her official capacity seeks to impose liability only upon the governmental entity the official represents, and any judgment in this type of suit is collectible only against the governmental entity, which in this case is Nacogdoches County.  *See, e.g.,* **Morris v. Copeland**, 944 S.W.2d 696, 698 (Tex. App.—Corpus Christi 1997, no writ).

In September 2014, Nicole D. Lostracco, the elected District Attorney, hired Robbins, a licensed attorney, to prosecute civil forfeiture cases on a contingency fee basis. Lostracco memorialized the terms of the contract in an email, which stated that Robbins would receive (1) one hundred percent of the NCDA's fifty percent if the amount forfeited was valued under $5,000; (2) two thirds of the NCDA's fifty percent if the amount forfeited was more than $5,000 but less than $10,000; and (3) fifty percent of the NCDA's fifty percent if the amount forfeited was more than $10,000. Thereafter, Robbins was sworn in as a special district attorney and began prosecuting forfeiture cases. At the conclusion of each case, Robbins submitted an invoice and was paid in accordance with the contract.

In late 2015, the NCSO seized approximately $1,150,650 after an investigation. In accordance with the contract, Robbins successfully prosecuted the forfeiture. Thereafter, Lostracco and Jason Bridges, the Nacogdoches County Sheriff, met with Robbins and informed him they could not pay his fee for the forfeiture because doing so would cause unfavorable publicity. After the meeting, the parties agreed to postpone discussion on the dispute until after the primary election on March 1, 2016. On March 2, 2016, Robbins submitted an invoice for $287,662.50 for his work on the seizure. The Nacogdoches County Commissioner's Court refused to pay the invoice, and in May 2017, Robbins sued Lostracco, in her official capacity as District Attorney, for breach of contract.[2]

In June 2017, the County filed a plea to the jurisdiction claiming governmental immunity from Robbins' claims, and maintaining that its immunity has not been waived. In September, Robbins requested jurisdictional discovery, which the trial court limited to requests for admissions. Robbins requested expanded jurisdictional discovery, but in January 2018, the trial court granted the County's plea to the jurisdiction and dismissed Robbin's suit with prejudice. This appeal followed.

## PLEA TO THE JURISDICTION

In Robbins's first issue, he argues that the trial court erred in granting the County's plea to the jurisdiction. Robbins argues that Lostracco's egregious conduct waived the County's immunity.

### Standard of Review and Applicable Law

A plea to the jurisdiction seeks to dismiss a case for want of jurisdiction. *City of Waco v. Kirwan*, 298 S.W.3d 618, 621 (Tex. 2009). When reviewing whether a plea to the jurisdiction was

---

[2] Robbins initially asserted fraud, negligence, negligent misrepresentation, gross negligence, and declaratory judgment claims, but later amended his pleadings to allege only claims for breach of contract and equitable alternative claims.

properly granted, we first look to the pleadings to determine if jurisdiction is proper, construing them liberally in favor of the plaintiff and looking to the pleader's intent. ***Id.*** If the pleadings neither affirmatively demonstrate nor negate jurisdiction, the plaintiff should be given an opportunity to amend the pleadings. ***Id.*** at 622. If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even when those facts may implicate the merits of the cause of action. ***Id.*** (quoting ***Tex. Dep't of Parks & Wildlife v. Miranda***, 133 S.W.3d 217, 227 (Tex. 2004)). If the evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide and the plea should be denied. *See **Kirwan***, 298 S.W.3d at 622. However, if the relevant evidence is undisputed or fails to raise a fact question on jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. ***Id***. In considering this evidence, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. ***Id.***

The doctrine of sovereign immunity provides that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." ***Tooke v. City of Mexia***, 197 S.W.3d 325, 331 (Tex. 2006). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the State, including counties, cities, and school districts. ***Harris Cty. v. Sykes***, 136 S.W.3d 635, 638 (Tex. 2004). That same immunity extends to persons sued in their official capacities as employees of the governmental unit, because a suit against a government official in her official capacity is just another way of pleading a suit against a governmental entity of which the official is an agent. *See **City of Hempstead v. Kmiec***, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ). "Simply described, sovereign immunity generally shields our state government's 'improvident acts'—however improvident, harsh, unjust, or infuriatingly boneheaded these acts may seem—against the litigation and judicial remedies that would be available if the same acts were committed by private persons." ***Bacon v. Tex. Historical Comm'n***, 411 S.W.3d 161, 172 (Tex. App.—Austin 2013, no pet.) (citing ***Tooke***, 197 S.W.3d at 331–32).

When a governmental unit contracts with a private citizen, it retains its immunity from suit even though it waives immunity from liability. *See **Tooke***, 197 S.W.3d at 332. Thus, in order to bring suit against a governmental entity for breach of contract, a plaintiff must establish legislative consent to sue by bringing suit pursuant to a special statute or by obtaining a legislative resolution.

***Tex. Nat. Res. Conservation Comm'n v. IT-Davy***, 74 S.W.3d 849, 854 (Tex. 2002). Otherwise, governmental immunity from suit defeats a trial court's subject matter jurisdiction. ***Id.*** at 855.

<u>Analysis</u>

Robbins concedes that no statute or legislative resolution grants him permission to sue in this case, but he argues that Lostracco's conduct was sufficiently egregious to waive the County's immunity from suit on the contract. He contends that the trial court erred by granting the County's plea to the jurisdiction because the supreme court has never precluded the possibility that a governmental entity can engage in conduct related to a contract that is sufficiently egregious to waive its immunity from suit.

The supreme court has long recognized that it is the Legislature's sole province to waive or abrogate sovereign immunity. *E.g.,* ***IT-Davy***, 74 S.W.3d at 853; ***Fed. Sign v. Tex. S. Univ.***, 951 S.W.2d 401, 409 (Tex. 1997), *superseded by statute on other grounds as stated in* ***Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.***, 39 S.W.3d 591, 595 (Tex. 2001). Legislative consent to sue by statute or resolution must be expressed in "clear and unambiguous language." TEX. GOV'T CODE ANN. § 311.034 (West 2013); ***Univ. of Texas Med. Branch at Galveston v. York***, 871 S.W.2d 175, 177 (Tex. 1994). This deference allows the Legislature to protect its policymaking function and preserve its interest in managing state fiscal matters through the appropriations process. ***IT-Davy***, 74 S.W.3d at 854. Further, subjecting the government to liability may hamper governmental functions by shifting tax resources away from their intended purposes toward defending lawsuits and paying judgments. ***Id.*** "Accordingly, the Legislature is better suited than the courts to weigh the conflicting public policies associated with waiving immunity and exposing the government to increased liability, the burden of which the general public must ultimately bear." ***Id.*** (citing ***Fed. Sign***, 951 S.W.2d at 414 (Hecht, J., concurring)).

In ***Federal Sign***, the supreme court held that the state does not waive its immunity by simply executing a contract, but a footnote in the opinion left open the possibility that "there may be other circumstances where the State may waive its immunity by conduct other than simply executing a contract so that it is not always immune from suit when it contracts." 951 S.W.2d at 408 n.1. After ***Federal Sign*** issued, the supreme court had several occasions to consider circumstances that allegedly constituted a waiver by conduct, but declined to apply equitable waiver in each instance. *See* ***Travis Cty. v. Pelzel & Assocs., Inc.***, 77 S.W.3d 246, 248 (Tex. 2002); *see also* ***IT-Davy***, 74 S.W.3d at 856-57; ***Little-Tex***, 39 S.W.3d at 595.

4

Most recently, the supreme court rejected any possible waiver by conduct exception in a unanimous opinion. In ***Sharyland Water Supply Corp. v. City of Alton***, the supreme court stated as follows:

> Finally, Sharyland asserts that a party can waive immunity by conduct. It points to a footnote in ***Federal Sign v. Texas Southern University***, 951 S.W.2d 401, 408 n. 1 (Tex.1997), in which we observed that there may be circumstances "where the State may waive its immunity by conduct other than simply executing a contract." Five years after ***Federal Sign***, however, we rejected the invitation to recognize such a waiver, holding that it was generally the Legislature's province to waive immunity. ***Tex. Nat. Res. Conservation Comm'n v. IT–Davy***, 74 S.W.3d 849, 857 (Tex. 2002). We noted that "[c]reating a waiver-by-conduct exception would force the State to expend its resources to litigate the waiver-by-conduct issue before enjoying sovereign immunity's protections—and this would defeat many of the doctrine's underlying policies." ***Id.*** We also emphasized that the Legislature had enacted comprehensive schemes that allow contracting parties to resolve breach-of-contract claims against the government. ***Id.*** By providing these avenues for redress, the Legislature has balanced competing private and public interests—a balance that would be thwarted if we allowed waiver-by-conduct exceptions in breach-of-contract actions against the government.
> ***IT-Davy*** is dispositive here. As in that case, we reject the invitation to recognize a waiver by conduct exception in a breach of contract suit against a governmental entity.

354 S.W.3d 407, 414 (Tex. 2011). Robbins acknowledges the decision in ***Sharyland***, but argues the supreme court's reference to ***IT-Davy***, a plurality opinion, signifies the court's intent to limit its holding to the facts of the case. We disagree. The court's holding in ***Sharyland*** is clear and forecloses the possibility of a waiver by conduct exception in breach of contract cases against the government. 354 S.W.3d at 414; *see also **Cty. of Hidalgo v. Palacios***, No. 13-17-00447-CV, 2018 WL 6627323, at *3 (Tex. App.—Corpus Christi Dec. 19, 2018, no pet. h.) (mem. op.); ***Dallas/Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC***, 565 S.W.3d 69, 75 (Tex. App.—Dallas 2017, pet. granted); ***City of Austin v. Util. Assocs., Inc.***, 517 S.W.3d 300, 313 (Tex. App.—Austin 2017, pet. denied); ***Alts. Unlimited, Inc. v. Raymondville Indep. Sch. Dist.***, No. 13-13-00363-CV, 2014 WL 3737973, at *6 (Tex. App.—Corpus Christi Mar. 20, 2014, no pet.) (mem. op.).

Robbins further argues that the supreme court's holding in ***Sharyland*** was influenced by the fact that claims were asserted against a city, for which the Legislature has created a comprehensive scheme allowing contacting parties to resolve their claims. *See* TEX. LOC. GOV'T CODE ANN. §§ 271.151-271.158; 271.160 (West 2016). Because Robbins's claims are against a county, and counties are specifically excluded from the scheme, he argues that ***Sharyland*** is distinguishable. *See id.* § 271.151 (3). We disagree. As previously discussed, ***Sharyland*** forecloses the possibility of a waiver by conduct exception to immunity for breach of contract claims. Moreover, the supreme court's rationales that it is the "Legislature's province to waive immunity" and an "exception would

force the State to expend its resources to litigate the…issue" are equally applicable regardless of whether the suit is against a city or a county. **Sharyland**, 354 S.W.3d at 414.

For the foregoing reasons, we hold that there is no waiver by conduct exception to the doctrine of governmental immunity in breach of contract cases. Accordingly, the trial court correctly granted the County's plea to the jurisdiction. We overrule Robbins's first issue and need not address his second, alternative issue.[3] *See* Tex. R. App. P. 47.1

### DISMISSAL WITH PREJUDICE

In Robbins's third issue, he challenges the trial court's dismissal of his suit with prejudice. He contends that the jurisdictional defect in his pleadings can be cured by obtaining a resolution from the legislature.

A dismissal "with prejudice" acts as a final determination on the merits. **Black v. Jackson**, 82 S.W.3d 44, 56 (Tex. App.—Tyler 2002, no pet.). Generally, a dismissal with prejudice is improper when the plaintiff can remedy the jurisdictional defect. **Sykes**, 136 S.W.3d at 639.

In reliance on **Sykes**, the County argues that the trial court properly dismissed Robbins's claims with prejudice. However, in **Sykes**, the supreme court reasoned that dismissal with prejudice was appropriate because otherwise, the plaintiff, who previously had an opportunity to amend his pleadings, could continue to amend his pleadings to craft a claim that would fall within the Texas Tort Claims Act, resulting in endless litigation. *See id.* at 639. Here, however, Robbins cannot allege any additional facts that would confer jurisdiction. The only cure for the jurisdictional defect in this case is a legislative resolution granting him permission to sue. Thus, it would be illogical to dismiss Robbins's lawsuit with prejudice because it has neither definitively accrued, nor definitively failed for lack of legislative consent. *See* **Hirczy de Mino v. Univ. of Houston**, No. 03-03-00311-CV, 2004 WL 2296131, at *7 (Tex. App.—Austin Oct. 14, 2004, pet. denied) (mem. op.) ("Unlike **Sykes**, this is not a case involving potentially endless amendments to the pleadings that ultimately cannot change the underlying facts asserted to support the cause of action…Hirczy de Mino has no cause of action for breach of contract unless he can secure legislative consent").[4] For this reason, we sustain Robbins's third issue.

---

[3] In Robbins's second issue, he alternatively argues the trial court abused its discretion by denying his request for expanded jurisdictional discovery to develop the facts with regard to his waiver by conduct argument.

[4] At oral argument, Robbins confirmed that he would not bring another suit against Nacogdoches County unless he first obtains consent to sue via a legislative resolution.

## CONCLUSION

Having overruled Robbins's first issue and sustained his third issue, we ***modify*** the trial court's judgment by deleting "with prejudice" and replacing it with "without prejudice." We ***affirm*** the trial court's judgment as ***modified***.

BRIAN HOYLE
Justice

Opinion delivered March 29, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 29, 2019**

**NO. 12-18-00108-CV**

**PAUL A. ROBBINS AND THE LAW OFFICE OF PAUL A. ROBBINS,**
Appellants
V.
**NICOLE D. LOSTRACCO, IN HER OFFICIAL CAPACITY AS
DISTRICT ATTORNEY FOR NACOGDOCHES COUNTY,**
Appellee

Appeal from the 145th District Court
of Nacogdoches County, Texas (Tr.Ct.No. C1732788)

THIS CAUSE came on to be heard on the oral arguments, appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** by deleting "with prejudice" and replacing it with "without prejudice," **and as modified**, the trial court's judgment is **affirmed**; all costs of court shall be assessed against the party incurring same; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*