

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00093-CV
_____

PAUL JOHNSON, APPELLANT

V.

FAUN CULLENS, APPELLEE

On Appeal from the 335th District Court
Bastrop County, Texas[1]
Trial Court No. 1671-335, Honorable Reva Towslee-Corbett, Presiding

March 7, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Paul Johnson, brings this interlocutory appeal claiming that the trial court erred in sustaining the plea to the jurisdiction filed by appellee, Faun Cullens. We affirm the trial court's order sustaining Cullens's plea and dismissing Johnson's claims against her.

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. See TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

## Background

Johnson filed his original petition alleging that Cullens, in her official capacity as Chief Appraiser of the Bastrop Central Appraisal District ("BCAD"), made four false statements that defamed him. Johnson claimed that these statements caused the BCAD Appraisal Review Board to deny his application for an open-space appraisal of property he owns in Bastrop County. He asserted that his suit was filed under the ultra vires exception to governmental immunity because Cullens's alleged conduct of "lying under oath" was prohibited. Johnson sought economic damages, non-economic damages, and exemplary damages. In response to Cullens's special exceptions requesting clarification as to what statute she allegedly violated, Johnson claimed that Cullens committed aggravated perjury, a violation of section 37.03 of the Texas Penal Code.

Cullens filed a plea to the jurisdiction in which she contended that Johnson had no standing to bring an action to enforce the Penal Code, the ultra vires exception did not apply because Johnson asserted only retroactive harm, and the Texas Tort Claims Act does not waive sovereign immunity for defamation claims. The trial court heard the motion in a hearing via Zoom teleconferencing on March 24, 2021, and sustained the plea the same day. Johnson's claims were dismissed with prejudice. Johnson timely appealed the trial court's order.

## Standard of Review

A plea to the jurisdiction challenges a court's authority to decide a case. *City of Ingleside v. City of Corpus Christi*, 469 S.W.3d 589, 590 (Tex. 2015) (per curiam). Whether a court has subject matter jurisdiction is a question of law we review de novo.

2

*Id.* When a plea to the jurisdiction challenges the pleadings, we determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings do not contain facts sufficient to affirmatively demonstrate the trial court's jurisdiction, but do not affirmatively negate the existence of jurisdiction, the plaintiff should be allowed the opportunity to amend. *Id.* at 226-27. However, if the pleadings affirmatively negate the existence of jurisdiction, the plea to the jurisdiction may be granted without affording the plaintiff the opportunity to amend. *Id.* at 227.

## Analysis

Johnson raises three issues for review. First, Johnson claims that the trial court abused its discretion by determining outside facts rather than determining jurisdiction only from the pleadings. Second, Johnson asserts that the trial court failed to consider the petition in the light most favorable to the petitioner. Lastly, Johnson argues that the allegations in the petition did not affirmatively negate jurisdiction. These three intertwined issues, which we will discuss jointly, present variations on the same theme: whether the trial court erred in sustaining Cullens's plea to the jurisdiction and denying Johnson the opportunity to amend.

Johnson claims that his petition alleges the necessary elements of slander, a waiver of immunity, and proper standing, such that, if taken as true, affirmatively demonstrate the trial court's jurisdiction to hear the case. Cullens responds that there is

3

no valid waiver of governmental immunity under any theory Johnson pleaded. We agree with Cullens.

Johnson's pleadings assert that his claims are brought against Cullens in her official capacity as chief appraiser of the BCAD. A suit against a government employee in her official capacity is fundamentally a suit against her government employer and not a suit against the individual. *Cloud v. McKinney*, 228 S.W.3d 326, 333 (Tex. App.—Austin 2007, no pet.). When, as here, an individual is sued in her official capacity, she may raise any defense that would be available to her employer, including the defense of sovereign or governmental immunity. *Id.*

The Texas Tort Claims Act provides a waiver of governmental immunity for certain claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (waiving governmental immunity for torts related to use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property). But intentional torts, such as defamation, do not fall within the scope of the waiver of immunity under the Tort Claims Act. TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2); *City of Hempstead v. Kmiec*, 902 S.W.2d 118, 122 (Tex. App.—Houston [1st Dist.] 1995, no writ). Moreover, Johnson asserts that he is bringing his defamation claim "pursuant to a waiver that exists apart from the Texas Tort Claims Act." Specifically, Johnson contends that immunity is waived because Cullens committed an ultra vires act.

"[I]n certain narrow instances, a suit against a state official can proceed even in the absence of a waiver of immunity if the official's actions are *ultra vires*." *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017). Under the "ultra vires exception" to

4

sovereign immunity, a claimant may file suit to compel a government official "to comply with statutory or constitutional provisions" through prospective injunctive or declaratory relief. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372, 374-77 (Tex. 2009). Consequently, ultra vires suits do not attempt to exert control over the State, but rather to "reassert the control of the State over one of its agents," or to bring such agents into compliance with the law. *Id.* Thus, a plaintiff alleging an ultra vires action against a government official is not entitled to monetary relief but may only request prospective declaratory or injunctive relief against government actors to require compliance with their duties going forward. *Id.* at 374-77; *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (recognizing that "ultra vires claimants are only entitled to prospective relief"). A plaintiff bringing an ultra vires claim must affirmatively allege facts to support a finding that he faces an ongoing violation of his rights, and it is insufficient to merely allege that his rights were violated in the past. *See, e.g., Garcia v. City of Willis*, 593 S.W.3d 201, 207 (Tex. 2019) (court lacks authority to grant plaintiff prospective relief for ultra vires claim when plaintiff no longer faces complained-of conduct).

Even taking Johnson's allegations as true, and despite Johnson's characterization of his claim, he has not asserted an ultra vires claim; rather, he has asserted an intentional tort claim for which he seeks monetary damages from Cullens. *See Texas Dep't of Transp. v. Sunset Transp., Inc.*, 357 S.W.3d 691, 702 (Tex. App.—Austin 2011, no pet.) ("merely asserting legal conclusions or labeling a defendant's actions as 'ultra vires,' 'illegal,' or 'unconstitutional' does not suffice to plead an ultra vires claim . . ."); *Texas Southern Univ. v. Greenleaf*, No. 14-97-01135-CV, 1998 Tex. App. LEXIS 4997, at *5

5

(Tex. App.—Houston [14th Dist.] Aug. 13, 1998, pet. denied) (reviewing court must accept factual allegations in plaintiff's pleadings as true but is not bound by legal conclusions or illogical factual conclusions that plaintiff draws from facts pled). Johnson's pleading in this cause is entitled "Petition for Defamation." His sole claim is for defamation and he is seeking $4,236.82 in economic damages, $12,710.46 in non-economic damages, and $42,368.20 in exemplary damages. This relief is not available under an ultra vires claim. *See Chambers-Liberty Cntys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019) (ultra vires claims generally bar retrospective monetary relief and allow only prospective injunctive relief); *City of Houston*, 549 S.W.3d at 576 ("If the injury has already occurred and the only plausible remedy is monetary damages, an *ultra vires* claim will not lie."). Because he seeks only impermissible retrospective relief, Johnson has not asserted an ultra vires claim against Cullens that falls within the exception to governmental immunity.

Without a valid ultra vires claim against Cullens, Johnson cannot rely on the ultra vires exception to waive governmental immunity. Moreover, repleading would not cure this jurisdictional defect.[2] *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (pleader should only be given opportunity to replead if possible to cure pleading defect); *Perrin v. City of Temple*, No. 03-18-00736-CV, 2020 Tex. App. LEXIS 8739, at *18 (Tex. App.—Austin Nov. 6, 2020, no pet.) (mem. op.) (denying plaintiff opportunity to replead where he sought only retrospective relief). Thus, the trial court properly sustained Cullens's plea to the jurisdiction.

---

[2] Johnson has not requested a remand for repleading, but we consider the question nonetheless, as a pleader must be given an opportunity to amend in response to a plea to the jurisdiction if it is possible to cure the pleading defect. *See Miranda*, 133 S.W.3d at 226-27.

Conclusion

For the reasons set forth herein, we affirm the trial court's order sustaining Cullens's plea to the jurisdiction and dismissing Johnson's suit with prejudice.


Judy C. Parker
Justice